IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LARRY GRANT COBB, *et al.*,<br><br>Defendants. | CRIMINAL ACTION FILE<br><br>NUMBER 1:16-cr-00281-TCB |

## O R D E R

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [115], which recommends that Aaron Isaiah Walton, Seymour Wright, and Jerrald Devonta Cook's motions to dismiss certain counts, [51 & 65], and Cook and Larry Grant Cobb's motions to suppress, [66, 67 & 72], be denied. Cook, Wright, and Walton each filed objections [119, 120 & 121] to the R&R.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404,

408 (5th Cir. 1982)). This review may take different forms, however,

depending on whether there are objections to the R&R. The district

judge must "make a de novo determination of those portions of the

[R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast,

those portions of the R&R to which no objection is made need only be

reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784

(11th Cir. 2006).

"Parties filing objections must specifically identify those findings

objected to. Frivolous, conclusive or general objections need not be

considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule

facilitates the opportunity for district judges to spend more time on

matters actually contested and produces a result compatible with the

purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider

arguments that were not raised before the magistrate judge. *Williams*

*v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule

"would effectively nullify the magistrate judge's consideration of the

matter and would not help to relieve the workload of the district court."
*Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the
district judge may accept, reject or modify the magistrate judge's
findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681
F.2d at 732. The district judge may also receive further evidence or
recommit the matter to the magistrate judge with instructions. 28
U.S.C. § 636(b)(1)(C).

In the R&R, Magistrate Judge Vineyard made two separate
recommendations: that the Court deny Walton, Wright and Cook's
motions to dismiss and that the Court deny Cook and Cobb's motions to
suppress. The Court has carefully reviewed the portion of the R&R
recommending that the Court deny Defendant's motions to dismiss and
finds that Magistrate Judge Vineyard's factual and legal conclusions
were correct. The Court also reviewed Walton, Cook, and Wright's
objections to the R&R's recommendation and notes that the Defendants
provided conclusory objections and did not specifically specify the
findings of the R&R that they object to. The Court is not required to

consider these objections. Nevertheless, the Court has carefully

reviewed the portion of the R&R recommending that the Court deny

Defendants' motions to dismiss and finds no error.

The Court has also conducted a careful, de novo review of the

portion of the R&R recommending denying Cook's motion to suppress

statements and his objections thereto. Having done so, the Court finds

that Magistrate Judge Vineyard's factual and legal conclusions were

correct and that Cook's objections have no merit.

Cook argues that the R&R recommendation is incorrect because

Magistrate Judge Vineyard failed to consider the "totality of the

circumstances" when ruling that his statements were voluntarily made.

More specifically, Cook contends that his admissions were involuntary

because "(1) his interrogators gave him false and misleading advice

when answering his questions regarding counsel (2) the erroneous

advice provided served to confuse Jerrald Cook and, (3) as a result of

the confusion generated by the false and misleading advice Mr. Cook

was unable to intelligently and voluntarily waive his Miranda warnings

and the statements made must be suppressed." [119] at 2. The false and

misleading advice or promise of immunity referred to by Cook was Agent Winn's statement that the interview "would be between [Cook], [Agent Winn], and Detective Williams[.]" [44-1] at 1–2.

Cook is correct that the focus of the voluntariness inquiry is whether the defendant was coerced by the government into making a statement. Further, "[t]he kinds of deception that are generally deemed to trigger suppression are lies about a defendant's legal rights (*i.e.,* 'you must answer our questions'), false promises (*i.e.,* 'whatever you say will be just between us'), or threats (*i.e.,* 'if you don't talk, you won't see your family for a very long time')." *United States v. La Forgia*, Criminal No. 12-0057-WS-C, 2012 WL 1869035, at *4 (S.D. Ala. May 22, 2012) (footnote omitted) (citing *United States v. Degaule*, 797 F. Supp. 2d 1332, 1380 (N.D. Ga. 2011); see also *Aleman*, 662 F.3d at 906 ("The confession must be excluded only if the government feeds the defendant false information that seriously distorts his choice, [for example] by promising him that if he confesses he will be set free—in other words, only if the false statement destroyed the information that he required for a rational choice."). However, the law in the Eleventh Circuit "is

clear, that the police's use of a trick alone will not render a confession

involuntary" unless there are "other aggravating circumstances" beyond

the mere use of deceptive tactics. *United States v. Castaneda-*

*Castaneda*, 729 F.2d 1360, 1363 (11th Cir. 1984); *see also Frazier*, 394

U.S. at 739 (observing that misrepresentations by the police are

"insufficient [by themselves] to make [an] otherwise voluntary

confession inadmissible").

In light of the foregoing authority, the totality of the

circumstances do not warrant a finding that Cook's statements were

obtained as a result of coercion and were made involuntarily. Agent

Winn was responding in the context of Cook's question about his right

to an attorney and was "informing Cook, consistent with *Miranda*, that

he had a right to a lawyer, that he would get one later, and that if he

chose to talk at that moment, that it would be just between Cook and

the agents (because no lawyer was present)." [108] at 3. Agent Winn

was simply clarifying to Cook that if he did not talk to the agents at

that time, the interview would take place at a later time with his

attorney present. This is further supported by the fact that Agent Winn

told Cook that his acceptance of responsibility and cooperation would be communicated to the prosecutor and the Court. Thus, Cook's statements were not made as a result of coercion, but instead were voluntary and in conformity with the dictates of *Miranda.*

Accordingly, the Court adopts as its order the R&R [115], denies Walton and Wright's motion to dismiss counts, [51 & 65], and denies Cook and Cobb's motions to suppress their statements [66, 67, & 72].

IT IS SO ORDERED this 28th day of July, 2017.

Timothy C. Batten, Sr.
United States District Judge